*United States District Court*
*Southern District of Texas*
**FILED**

MAY **2 8** 2003

**Michael N. Milby**
**Clerk of Court**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAMES MERKER and §
GWENDOLYN MERKER, §
      Plaintiffs, §
§
VS. §
§
AMERIQUEST MORTGAGE COMPANY, §
      Defendant. §

C.A. No. **B-03-097**

### NOTICE OF REMOVAL

Defendant AMERIQUEST MORTGAGE COMPANY ("Ameriquest"), pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, files this its Notice of Removal and in support thereof shows the following:

1.    On April 24, 2003, plaintiffs James Merker and Gwendolyn Merker, filed suit in the 197th District Court, Cameron County, Texas, entitled *James Merker and Gwendolyn Merker v. Ameriquest Mortgage Company*, Cause No. 2003-04-2133-C, against Ameriquest to recover damages and declaratory relief for alleged violations of Texas' home equity lending laws.

2.    Ameriquest is the only defendant in this cause. Ameriquest was served with the citation and petition on May 7, 2003. This Notice of Removal is timely under 28 U.S.C. § 1446(b).

### Diversity of Citizenship

3.    The district courts of the United States have original jurisdiction over this action based on diversity of citizenship between the parties. Ameriquest is now, and was at the time this action was commenced, diverse in citizenship from the plaintiff.

4.     Plaintiffs are now, and were at the time this action was commenced, citizens of the State of Texas.  At all times relevant, Plaintiffs have been residents of Cameron County, Texas.

5.     Ameriquest is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the State of California.

**The Monetary Relief Sought by Plaintiffs**
**Exceeds $ 75,000, Exclusive of Interest and Costs**

6.     The amount in controversy in this case exceeds, $75,000.00, exclusive of interest and costs.

7.     The Plaintiffs' Original Petition alleges that Plaintiffs obtained a loan in the principal sum of $ 78,400.00.  **Plaintiffs' Original Petition, ¶ 6.**

8.     As part of the relief requested, Plaintiffs seek forfeiture by Ameriquest of all principal and interest of the extension of credit.  *Id.* **at ¶ 16 and Prayer, ¶ b.**

9.     Plaintiffs are claiming DTPA relief under TEX. BUS. & COMM. CODE §§ 17.45(5) & 17.50(d).  Those sections of the DTPA allow successful consumers to recover up to three times their actual damages, plus reasonable and necessary attorneys' fees. TEX. BUS. & COMM. CODE § 17.50.

10.     It is well-settled that penalties and statutory damages are to be included in calculating the amount in controversy requirement.  *St. Paul Reins. Co, Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

11.     Further, the attorney fees sought by Plaintiffs are included in the amount in controversy calculation. *St. Paul Reins. Co, Ltd. v. Greenberg*, 134 F.3d at 1253; *In re Abbott Laboratories*, 51 F.3d 524, 526-27 (5th Cir. 1995), aff'd 120 S.Ct. 1578 (2000).

12.     Plainly, the amount in controversy far exceeds $75,000.00.

## Conclusion

13.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and (c) because there is complete diversity of citizenship and the amount in controversy exceeds $ 75,000 exclusive of interest and costs.

14.    As required by 28 U.S.C. § 1446(a), the following documents are filed herewith:

- an index of all matters being filed with this Notice of Removal, attached as Exhibit "A";

- true and correct copies of all process, the (state court) docket sheet, all pleadings asserting causes of action, and any orders signed by the state court judge, attached as Exhibit "B"; and

- a list of counsel of record, including addresses, telephone numbers and parties represented, attached as Exhibit "C";

- a civil cover sheet, attached as Exhibit "D";

- a Certificate of Interested Parties, attached as Exhibit "E";

15.    Upon the filing of this Notice of Removal, Ameriquest also provides written notice of same to all parties. A copy of this Notice is also being filed with the District Clerk of Cameron County, Texas, where this case was originally filed.

16.    Accordingly, Ameriquest Mortgage Company requests that this case proceed in this Court as a properly removed action, and for such other and further relief to which it is entitled.

Respectfully submitted,

Lindsay L. Lambert
State Bar No.: 11844225
Hughes, Watters & Askanase, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 - Fax
ATTORNEY IN CHARGE FOR
DEFENDANT AMERIQUEST, INC.

OF COUNSEL:
C. Ed Harrell
State Bar No.: 09042500
HUGHES, WATTERS & ASKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834 – Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served upon the following counsel of record by certified mail, return receipt requested, on this 27th day of May, 2003:

John Ventura, Daniel Whitworth & Richard Mlynek
LAW OFFICES OF JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521

Of Counsel

485077-1:PRON:0050                              4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES MERKER and | § | |
| GWENDOLYN MERKER, | § | **B-03-097** |
| Plaintiffs, | § | |
| | § | C.A. No. _____ |
| VS. | § | |
| | § | |
| AMERIQUEST MORTGAGE COMPANY, | § | |
| Defendant. | § | |

## INDEX OF MATTERS BEING FILED

1.    Notice of Removal to United States District Court

2.    Index of Matters Being Filed (Exhibit "A")

3.    State Court's File (Exhibit "B"):

     1.    Copy of the docket sheet from the 197th Judicial District Court of Cameron County, Texas;

     2.    Plaintiffs' Original Petition;

     3.    All executed process; and

     4.    Ameriquest Mortgage Company's Original Answer and Affirmative Defenses (file stamped copy of answer filed on May 20, 2003).

4.    List of All Counsel of Record (Exhibit "C")

5.    Civil Cover Sheet (Exhibit "D")

6.    Certificate of Interested Parties (Exhibit "E")

## EXHIBIT "A"

480427-1:PRON:0050

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

JAMES MERKER and          §
GWENDOLYN MERKER,          §
      Plaintiffs,          §                    **B-03-097**
               §          C.A. No. _____
VS.          §
               §
AMERIQUEST MORTGAGE COMPANY,§
         Defendant.          §

## INDEX OF STATE COURT'S FILE

1.    Copy of the docket sheet from the 197th Judicial District Court of Cameron County, Texas;
2.    Plaintiffs' Original Petition
3.    Defendant's Original Answer and Affirmative Defenses
3.    All executed process

## EXHIBIT "B"

RUN DATE 05/22/03
RUN TIME 10:38 AM

CERTIFIED COPY

* * * * C L E R K ' S    E N T R I E S * * * *

JAMES MERKER, AND GWENDOLYN MERKER

VS

AMERIQUEST MORTGAGE COMPANY

00255811                                    (06)
DANIEL WHITWORTH
62 E. PRICE ROAD
BROWNSVILLE, TX        78520 0000        DECEPTIVE TRADE

00335513
LINDSAY L. LAMBERT
1415 LOUISIANNA, 37TH FLOOR
HOUSTON, TEXAS          77002 7354

04/24/03  ORIGINAL PETITI
05/02/03  CITATION  (CM) :
          COMPANY
05/02/03    SERVED: 05/0
          COMPANY
05/20/03  ORIGINAL ANSWER
          COMPANY

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____
DEPUTY
DATE  5/22/03

CIVIL DOCKET RULE 26-TRCP

UN DATE í£≡ü&d<ü
UN TIME ¶Ä•♥xA

| DATE OF ORDERS | NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|---|
| | JAMES MERKER, AND GWENDOLYN MERKER<br><br>VS<br><br>AMERIQUEST MORTGAGE COMPANY | 00255811<br>DANIEL WHITWORTH<br>62 E. PRICE ROAD<br>BROWNSVILLE, TX 78520 0000 | (06)<br>DECEPTIVE TRADE |

COURT'S DOCKET (Rule 26, TRCP)

CERTIFIED
COPY

AURORA DE LA GARZA DIST. CLERK

APR 2 4 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

CAUSE NO. _2003-04-2133-C_

| | | |
|---|---|---|
| JAMES MERKER, and | § | IN THE _147th_ DISTRICT COURT |
| GWENDOLYN MERKER | § | |
| Plaintiffs | § | |
| vs. | § | OF |
| | § | |
| AMERIQUEST MORTGAGE COMPANY | § | |
| Defendant | § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, James and Gwendolyn Merker, Plaintiff, complaining of Ameriquest Mortgage Company, Defendant, and would show as follows:

### I.

1. Plaintiffs assert this is a Level 2 Discovery case.

### II.

2. The Plaintiffs, James and Gwendolyn Merker are residents of Brownsville, Cameron County, Texas.

3. Defendant, Ameriquest Mortgage Company conducts its business at 1100 Town & Country Road, Ste. 450, Orange Ca 92868 and may be served with process through its registered agent, NATIONAL REGISTERED AGENTS, INC. 1614 Sidney Baker Street, Kerrville, TX 78028.

### III.

4. Venue is properly in Cameron county pursuant to CPRC 15.002(a) because it is the county in which all or a substantial part of the events giving rise to the claim occurred and is where the property is located.

Plaintiffs Original Petition

Page 1 of 6

**CERTIFIED COPY**

## IV.

5. Among the assets owned by the Plaintiff is certain real property generally described as 2817 Austrian Pine Ct., Harlingen, Texas and more particularly described as Lot 13, Block 2, Stone-Pine Subdivision, an Addition to the City of Harlingen, Cameron County, Texas, according to Map thereof recorded in cabinet 1 Page 468-A of the Map Records of Cameron County, Texas.

6. On or about March 20, 2002, Plaintiffs obtained a home equity loan from Defendant pursuant to which Plaintiffs borrowed and financed the amount of $78,400.00.

7. To secure repayment of the debt to Defendant, Plaintiff executed a security agreement granting Defendant a lien on their homestead.

8. The loan made by Defendant violates Art. 16, Section 50 of the Texas Constitution in at least the following respects:

    a. Defendant violated Art. Sec. 50 (1)(6) (Q) (iii) providing that a home equity loan must be made on certain enumerated conditions, one of which is: "the owner of the homestead not sign any instrument in which blanks are left to be filled in." The Plaintiffs signed a document entitled "Affidavit of Acknowledgment as to fair market value of Homestead Property" that contained two blanks left to be filled in. One of the blanks was for the fair market value.

    b. Defendant violated Art. 16, Sec. 50(a)(6)(M)(ix) in that a written acknowledgment as to the fair market value of the homestead property was not signed by the parties on the date the extension of credit was made.

    c. Defendant at the time the extension of credit was made, did not provide Plaintiffs with a copy of all documents signed by Plaintiffs related to the extension of credit in violation of Art. 16, Section 50(a)(6)(Q)(v).

    d. Defendant violated Art. 16, Sec. 50(a)(6)(B) in that the equity loan secured by Plaintiffs homestead exceeded 80% of the fair market value of the homestead on the date the extension of credit was made.

## V.

## CAUSES OF ACTION

9 Plaintiff would show that the actions stated in the previous sections of this petition are

**CERTIFIED COPY**

violations of the Texas Constitution under the Home Equity Loan provisions and fraud as those terms are defined by the common law of the State of Texas as they were intentionally done.

## A. TEXAS COMMON LAW FRAUD

10. Plaintiffs reallege each and every fact set forth in the above numbered paragraphs.

11. Plaintiffs allege that Defendant engaged in fraud in that the home equity loan exceeds 80% of the fair market value of the homestead and Defendant knowingly violated other sections of the Texas Constitution as detailed herein.

## B. VOIDNESS OF LOAN PURSUANT TO ARTICLE 16, SEC. 50 OF THE TEXAS CONSTITUTION

12. Plaintiffs realleges each and every fact set forth in the above numbered paragraphs.

13. The home equity loan made by Defendant to Plaintiff herein violates Article 16, Sec. 50(a)(6) of the Texas Constitution. This loan was an extension of credit which Defendants secured by placing a lien on Plaintiff's homestead pursuant to the Texas Constitution, Article 16, Sec. 50(a), et. seq.

14. The loan violated the provisions of Article 16, Sec. 50 of the Texas Constitution including, but not limited to:

   a. Defendant violated Art. Sec. 50 (1)(6) (Q) (iii) providing that a home equity loan must be made on certain enumerated conditions, one of which is: "the owner of the homestead not sign any instrument in which blanks are left to be filled in." The Plaintiffs signed a document entitled "Affidavit of Acknowledgment as to fair market value of Homestead Property" that contained two blanks left to be filled in. One of the blanks was for the fair market value.

   b. Defendant violated Art. 16, Sec. 50(a)(6)(M)(ix) in that a written acknowledgment as to the fair market value of the homestead property was not signed by the parties on the date the extension of credit was made.

   c. Defendant at the time the extension of credit was made, did not provide Plaintiffs with a copy of all documents signed by Plaintiffs related to the

CERTIFIED
COPY

extension of credit in violation of Art. 16, Section 50(a)(6)(Q)(v).

d.    Defendant violated Art. 16, Sec. 50(a)(6)(B) in that the equity loan secured by Plaintiffs homestead exceeded 80% of the fair market value of the homestead on the date the extension of credit was made.

15. Defendant has violated provisions of the home equity loan statute. As such, no valid lien was created by Defendant. Plaintiff seeks a declaration that the purported lien in favor of Defendant be declared void under Article 16, Sec. 50(a)(6) of the Texas Constitution. Plaintiff seeks actual damages against Defendant as Defendant's conduct is in violation of the requirements of the Texas Constitution.

16. Article 16, Section 50(a)(6)(Q)(x) provides that a lender shall forfeit all principal and interest of the extension of credit if the lender fails to comply with the lenders obligations under the extension of credit within a reasonable time after the lender is notified by the borrower of the lender's failure to comply. Plaintiffs notified Defendant of the violations both verbally and in writing.

## C.    TEXAS DECEPTIVE TRADE PRACTICES

17. Plaintiff would show that Defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

18. Unconscionable Action or Course of Action. Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

19. Defendants also represented that the agreement conferred or involved rights, remedies, or obligation which it did not have or involve, or which are prohibited by law in violation of the

---

CERTIFIED
COPY

Texas Deceptive Trade and Practices Act.

20. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages.

**D.    DECLARATORY JUDGMENT**

21. Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

22. Plaintiff seeks a declaration and declaratory judgment that the purported lien against the property is void and unenforceable under Article 16, Sec. 50(a)(6) of the Texas Constitution; that all principal and interest previously paid or to be paid on the extension of credit is forfeited; and that Plaintiff is entitled to recover their reasonable attorneys fees and costs.

## VI.

### ATTORNEY FEES

23. Plaintiff realleges each and every fact set forth in the above numbered paragraphs.

24. Plaintiff seeks to recover attorney's fees for the claims set forth above. Plaintiff seeks to recover her court costs and attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code Sections 37.009 and 38.001, et seq., and Tex. Bus. & Comm. Code Section 17.50(d).

## VII.

### CONDITIONS PRECEDENT

25. Plaintiff realleges each and every fact set forth in the above-numbered paragraphs.

26. All conditions precedent to the relief sought herein have occurred.

## VIII.

### DAMAGES

27. Plaintiffs continue to suffer damages due to Defendants refusal to abide by their obligations under the contract. Plaintiffs, in accordance with Rule 47, of the Texas Rules of Civil

CERTIFIED
COPY

Procedure, would show that the damages sought are within the jurisdictional limits of the Court.

## IX.

28. Plaintiff demands a jury trial and tenders the appropriate fee of $30.00 with this petition.

## X.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs seek declaratory judgment against

Defendant and a finding as follows:

a.   That Defendant's lien is void and unenforceable.
b.   That all principal and interest previously paid or to be paid on the extension of credit is forfeited.
c.   That Plaintiffs are entitled to recover their reasonable attorneys fees and costs pursuant to Tex. Civ. Prac. & Rem. Code Sections 37.009 and 38.001, et seq., and Tex. Bus. & Comm. Code Section 17.50(d).
d.   Prejudgment and post judgment interest.
e.   Plaintiffs seek a money judgment against Defendants for actual and/or economic damages, for all principal and interest previously paid on the loan, for treble damages pursuant to the DTPA, and for their reasonable attorneys fees and costs incurred in prosecuting this claim.

Respectfully submitted,
LAW OFFICES OF JOHN VENTURA, P.C.

By:   /s/ JOHN VENTURA
**JOHN VENTURA**
Texas Bar No. 20545700
Federal ID No. 1646
Jventura@johnventura.com
**DANIEL WHITWORTH**
Texas Bar No. 24008275
Fed. I.D. 23119
Dwhitworth@johnventura.com
**RICHARD MLYNEK**
Texas Bar NO. 24007689
Fed. I.D. 23125
Rmlynek@johnventura.com
62 E Price Rd.
Brownsville, Texas 78521
(956) 546-9398 Telephone
(956) 542-1478 Facsimile

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY TEXAS
DATE 5/22/03
BY _____ Maria de Jesus _____
DEPUTY

DISTRICT COURT
CAMERON COUNTY, TEXAS

---

Plaintiffs Original Petition                                              Page 6 of 6

**JOHN VENTURA**
Board Certified Consumer
Bankruptcy Law, Texas Board
of Legal Specialization

Ellen C. Stone

Daniel P. Whitworth

Richard A. Mlynek

**LAW OFFICES OF**

# JOHN VENTURA, P.C.

*Helping People When They Need It Most....*

**Bankruptcy * Personal Injury * Consumer Law**
62 E. Price Rd. ● Brownsville, Texas 78521
Tel: (956) 546-9398 ●(956) 542-1478 Facsimile
"Principal Office"

**McAllen Office:**
711 Nolana Loop, Suite 104
McAllen Texas 78504
(956) 630-2822

**Harlingen Office:**
623 E. Tyler Ave.
Harlingen Texas 78550
(956) 440-0398

April 24, 2003

**Via Hand Delivery**
Aurora De La Garza, District Clerk
Cameron County Courthouse
974 E. Harrison
Brownsville Texas 78520

Re:   James Merker vs Ameriquest Mortgage Corporation
        Cause No. Pending

Dear Clerk:

Enclosed for filing, please find Plaintiff's Original Petition. Also enclosed is our firm check in the amount of $232.00 to cover filing fees, issuance of citation and service by certified mail, return receipt requested. Please issue Citation for service by certified mail, return receipt requested to Ameriquest Mortgage by serving National Registered Agents, Inc., 1614 Sidney Baker St., Kerriville Texas 78028 in connection with the above referenced matter.

As always, thank you for your courtesy.

Sincerely,
Law Offices of John Ventura, P.C.

By: _____

Salome Torres
Legal Assistant to John Ventura

:sgt

Enclosures (as stated)

4/25/03
DP Ck#29685
$232.⁰⁰

CAUSE NO. 2003-04-2133-C

PLEASE FILE STAMP AND RETURN
FILED
AURORA DE LA GARZA, CLERK
MAY 20 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

JAMES MERKER, and              §          IN THE DISTRICT COURT
GWENDOLYN MERKER                §
                               §
v.                             §          OF CAMERON COUNTY, TEXAS
                               §
AMERQUEST MORTGAGE COMPANY     §          197TH JUDICIAL DISTRICT

## DEFENDANT'S ORIGINAL ANSWER
## AND AFFIRMATIVE DEFENSES

AMERIQUEST MORTGAGE COMPANY, Defendant, files its Original Answer and
Affirmative Defenses and shows the following:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally
denies the allegations contained in Plaintiffs' Original Petition.

2.      Defendant reserves the right to amend or supplement this Answer and to bring
such other claims, causes of action or affirmative defenses to which it may be entitled pursuant
to the Texas Rules of Civil Procedure and equity.

### AFFIRMATIVE DEFENSES

3.      Ameriquest asserts Plaintiffs' breach of contract.

4.      Ameriquest asserts the limitations, conditions, obligations and bars of the Texas
Home Equity Security Instrument.

5.      Ameriquest asserts the parol evidence rule and all statutes of fraud, including
§ 26.02, Tex. Bus. & Comm. Code.

6.      Ameriquest asserts estoppel, waiver and ratification as affirmative defenses.

7.      Ameriquest asserts estoppel by contract as an affirmative defense.

8.    Plaintiffs have not performed all conditions precedent to recovery of judgment from Ameriquest.  Plaintiffs did not make a demand for performance as required by Tex. Civ. Prac. & Rem. Code, § 38.002.

9.    Ameriquest asserts knowledge and consent as affirmative defenses.

10.    Ameriquest asserts laches as an affirmative defense.

11.    Ameriquest would show that the mistakes or accidents, if any, in complying with applicable law are excusable based upon equitable principles such as substantial compliance, *de minimis*, and *bona fide* error.

12.    Ameriquest asserts Plaintiffs' failure to mitigate damages, the existence of which are denied.

13.    Ameriquest alleges that the damages complained of by Plaintiffs, if any, were contributed to by the fault, negligence and the non-performance of contractual obligations by Plaintiffs.

14.    Plaintiffs have not performed all conditions precedent to recovery of judgment from Ameriquest.  Even if Plaintiffs claims are true, they failed to give Ameriquest adequate notice to afford a reasonable opportunity to cure the alleged non-compliance of the extension of credit.  Plaintiffs' failure to comply with their contractual and constitutional duty to give timely notice precludes them from recovering judgment against Ameriquest.

15.    Plaintiffs are not "consumers" under the Deceptive Trade Practices Act.

16.    Plaintiffs did not seek or acquire "goods" or "services" under the Deceptive Trade Practices Act.

17.    Plaintiffs have not performed all conditions precedent to recovery of judgment from Ameriquest. Plaintiffs failed to provide the required notice prior to filing suit under the Deceptive Trade Practices Act.

18.    Plaintiffs are not entitled to declaratory relief or attorney fees because the relief they may be awarded, if any, is set forth specifically in Article XVI, § 50(a)(6) of the Texas Constitution.

19.    Plaintiffs fail to state a claim upon which relief can be granted.

20.    To the extent Ameriquest's lien is declared invalid, which is denied, Ameriquest is entitled to an equitable lien against Plaintiffs' homestead under the doctrine of equitable subrogation.

21.    Plaintiffs' damages, if any, are not recoverable under the doctrine of *de minimus non curat lex*. Plaintiffs have no lost wages, damage to their credit reputation, medical or other health-related expenses, or other recoverable damages.

22.    Ameriquest asserts unjust enrichment as an affirmative defense.

23.    Ameriquest denies that Plaintiffs are entitled to recover attorney fees.

WHEREFORE, Defendant, AMERIQUEST MORTGAGE COMPANY, requests that Plaintiffs take nothing by their suit and that Defendant have and recover its costs and such other and further relief, general or special, legal or equitable, to which it may be justly entitled.

Respectfully submitted,

HUGHES, WATTERS & ASKANASE, L.L.P.

Lindsay L. Lambert, TBN 11844225
1415 Louisiana, 37th Floor
Houston, Texas 77002-7354
(713) 759-0818 Telephone
(713) 759-6834 Facsimile

ATTORNEYS FOR DEFENDANT,
AMERIQUEST MORTGAGE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this the _15th_ day of May, 2003, a true and correct copy of the foregoing has been forwarded by certified mail, return receipt requested to:

John Ventura, Daniel Whitworth & Richard Mlynek
LAW OFFICES OF JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521

Lindsay L. Lambert

542473-1:AMEQ:0022                         4

**ORIGINAL**

**CERTIFIED COPY**

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2003-04-002133-C

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: AMERIQUEST MORTGAGE COMPANY
    SERVING ITS REGISTERED AGENT,
    NATIONAL REGISTERED AGENTS INC
    1614 SIDNEY BAKER STREET
    KERRVILLE, TX 78028

the         DEFENDANT         , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 197th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION         was filed on   APRIL 24, 2003   .  A copy of same accompanies this citation.

The file number of said suit being No. 2003-04-002133-C.

The style of the case is:

JAMES MERKER, AND GWENDOLYN MERKER
VS.
AMERIQUEST MORTGAGE COMPANY

Said petition was filed in said court by         DANIEL WHITWORTH
(Attorney for         PLAINTIFF         ), whose address is
62 E. PRICE ROAD BROWNSVILLE, TX  78520                      .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the  2nd day of   MAY   , A.D. 2003.

**U.S. Postal Service**™
**CERTIFIED MAIL  RECEIPT**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JAMES MERKER and | § | |
| GWENDOLYN MERKER, | § | |
| Plaintiffs, | § | |
| | § | **B-03-097** |
| VS. | § | C.A. No. _____ |
| | § | |
| AMERIQUEST MORTGAGE COMPANY, | § | |
| Defendant. | § | |

## LIST OF COUNSEL OF RECORD

**Attorneys for Defendant, AMERIQUEST MORTGAGE COMPANY:**
Lindsay L. Lambert, State Bar NO. 11844225
C. Ed Harrell, State Bar No. 09042500
HUGHES, WATTERS & ASKANASE, LLP
1415 Louisiana, Suite 3700
Houston, Texas 77002
(713) 759-0818 (Telephone)
(713) 759-6834 (Facsimile)

**Attorneys for Plaintiffs, James Merker and Gwendolyn Merker:**
John Ventura, Daniel Whitworth & Richard Mlynek
LAW OFFICES OF JOHN VENTURA, P.C.
62 E. Price Road
Brownsville, Texas 78521

480427-1:PRON:0050