UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JAMES MERKER, and<br>GWENDOLYN MERKER | §<br>§<br>§ | |
| v. | §<br>§ | CA NO. B-03-097 |
| <u>AMERQUEST MORTGAGE COMPANY</u> | §<br>§ | |

### JOINT DISCOVERY/CASE
### MANAGEMENT PLAN UNDER RULE 26(f)

JAMES MERKER and GWENDOLYN MERKER, Plaintiffs, and AMERIQUEST MORTGAGE COMPANY, Defendant, file this Joint Discovery/Case Management Plan Under Rule 26(f), and state the following:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The meeting was conducted telephonically on September 11, 2003. Daniel Whitworth, counsel of record for Plaintiffs appeared on their behalf. Lindsay L. Lambert, counsel of record for Ameriquest, was present for Defendant.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None are pending. This case was removed from 197th Judicial District Court of Cameron County, Texas.**

3. <u>Briefly</u> describe what this case is about.

   **Plaintiffs complain that their home equity loan does not comply with the requirements of the Texas Constitution and as such the loan is not valid. As a result, Plaintiffs seek forfeiture of principal and interest, nullification of the home equity lien, attorney fees, and other unspecified damages under the Texas Civil Practice and Remedy Code and Texas Declaratory Judgment Act.**

        **Ameriquest denies Plaintiffs' allegations and contends that it has a valid lien on the Plaintiffs' property. Ameriquest contends that Plaintiffs cannot recover attorney fees under any theory. Ameriquest further contends that Plaintiffs are not "consumers" of "goods" or "services" under the DTPA.**

4. Specify the allegation of federal jurisdiction.

   **This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.**

5. Name the parties who disagree and the reasons.

   **None.**

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None known.**

7. List anticipated interventions.

   **None known.**

8. Describe class-action issues.

   **None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties have agreed to make Rule 26 disclosures within 45 days after the meeting of the parties described in paragraph 1 above.**

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       **The parties will make Rule 26 disclosures within 45 days of the initial meeting of the parties that occurred on September 11, 2003. After disclosures, the parties anticipate conducting written discovery and taking depositions regarding the Plaintiffs' causes of action and alleged damages, as well as the Defendant's affirmative defenses.**

B.  When and to whom the plaintiff anticipates it may send interrogatories.

> **Plaintiffs anticipate sending interrogatories to Defendant within the next three months.**

C.  When and to whom the defendant anticipates it may send interrogatories.

> **Defendant anticipates sending interrogatories to each Plaintiff in the next four months.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

> **Plaintiffs anticipate taking the depositions of presently unknown representative of the Defendant and possibly employees of Alamo Title Insurance, as well as any experts.**

E.  Of whom and by when the defendant anticipates taking oral depositions.

> **Defendant anticipates taking the deposition of each Plaintiff after receiving their responses to interrogatories and documents produced by Plaintiffs. Defendant also anticipates deposing Plaintiff's expert witnesses, if any, after they are disclosed. If deemed necessary, Defendant may take the deposition(s) of the appropriate personnel at Alamo Title Insurance, a non-party to this action.**

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

> **Plaintiffs will be able to designate experts and expert reports on or before January 30, 2004. Defendant will be able to designate experts and generate expert reports within 60 days after Plaintiffs' experts are designated and reports generated.**

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> **Plaintiffs anticipate taking the depositions of Defendants expert witnesses within 45 days of receiving expert reports.**

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> **Defendant anticipates taking the deposition of Plaintiff's expert witnesses within sixty days of receiving their expert reports.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    **N/A**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

13. State the date the planned discovery can reasonably be completed.

    **May 28, 2004**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **Prior to the meeting of September 11, 2003, Plaintiffs made an initial settlement demand, which is being evaluated by Ameriquest. The parties are in settlement negotiations.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **The parties are in active settlement negotiations. In the event informal settlement negotiations are not successful, the parties will agree to a formal Alternative Dispute Resolution method if deemed appropriate by the Court.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **Mediation is a reasonable alternative dispute resolution technique which may be effectively used after the completion of discovery and rulings on any dispositive motions.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **The Plaintiffs and Defendant were unable to reach an agreement on trying this case before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

   **Plaintiffs demanded a jury trial in their original petition.**

19. Specify the number of hours it will take to present the evidence in this case.

   **The parties estimate 8 – 12 hours.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **None.**

21. List other motions pending.

   **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

   Counsel for Plaintiff(s):                                      Date:   September 12, 2003

   By: _____
   Karen Kellet, TBN 11199520
   The Kellet Law Firm, P.C.
   Founder Square
   900 Jackson St., Suite 120
   Dallas, TX 75202
   (214) 292-3660
   (214) 244-3661 (fax)

   By: _____
   Daniel Whitworth, TBN 24008275, FBN 23119
   Richard Mlynek, TBN 24007689, FBN 23125
   John Ventura, TBN 20545700, FBN 1646
   LAW OFFICES OF JOHN VENTURA, P.C.
   62 E. Price Road
   Brownsville, Texas 78521
   Phone 956-546-9398
   Fax 956-542-1478

Counsel for Defendant(s):                                       Date:   September 12, 2003

By: _Lindsay Lambert by pen_
Lindsay L. Lambert, TBN 11844225, 15079
C. Ed Harrell, TNB 09042500, FBN 2079
Michael W. Janecek, TBN 00784329, FBN 7425
HUGHES, WATTERS & ASKANASE, L.L.P.
1415 Louisiana, 37th Floor
Houston, Texas  77002
Phone 713-759-0818
Fax 713-759-6834